Good morning, Your Honors, and may it please the Court, my name is Eric Welsh, and I represent the petitioner, Tarek Zarkarneh, in this petition for review of the decisions of the Executive Agency for Immigration Review. I'd like to reserve two minutes for rebuttal, if I may. This Court has jurisdiction to review constitutional claims and questions of law, and those are the issues that are presented here. My client entered into a good-faith marriage with his ex-wife, Crystal, and that incent was established through the Proceedings and Immigration Court. So Counsel, maybe you can jump into, because, I mean, starting out with a good-faith marriage, that's like inherently a factual question. So how do you get us to a legal, and as you that we could grant relief on? Well, Your Honor, that was reaffirmed by this Court last year in the case of Zia v. Garland, that was submitted by Counsel for Respondent in the 28J letter. And in the case from last year, this Court found that although the factual determinations, the parts that lead up to the conclusion, may not be reviewable, the overall conclusion, the finding that the marriage lacked good faith is reviewable. But isn't that a heavily fact-dependent inquiry? I would concede that it's sort of a mixed question of law, and then the ultimate, or excuse me, mixed question of fact, but then the ultimate conclusion is one of law. But it seems to me that if you put it on a scale, the factual analysis is heavier than the legal analysis. Well, Judge, there are two reasons why there is still jurisdiction for this Court to review. One is how the Court and the Board handles the evidence. So how they conduct the hearing to elicit the facts, and whether due process is given to the Respondent in those Proceedings. Let's take one set of facts. You had challenged, I think, the admission of the testimony from the Clark County Superior Court divorce proceedings. Although there are other parts of your brief that argue that we should, that your client is relying on that testimony to establish the bona fides. So do you now concede that that evidence was properly admitted into the immigration proceedings? Well, Judge, the proceedings in the divorce court, I don't necessarily have an issue with those proceedings, but there is, I believe, a fundamental problem with assuming the testimony of a declarant who's not present in court is true, or giving it full weight. But your client had, obviously, the opportunity to cross-examine, and every incentive to challenge that testimony in the Superior Court proceedings. So how was due process violated in the agency relying on the record that was developed in the Superior Court? Well, Judge, specifically the issues that we contest are those statements that were not subject to cross-examination. So the statements that she did make in the divorce proceedings and were subject to cross-examination, I don't believe that those statements are necessarily excludable, or should be excluded. But there were other statements that the declarants had made, for example, in the context of a temporary restraining order that was not necessarily subject to cross-examination in court, or examination by fraud investigators or USCIS investigators. But you do concede that the federal rules of evidence do not strictly apply to administrative proceedings before the agency. Certainly, Your Honor. So is your argument one of a due process violation, that notwithstanding the fact that the rules of evidence don't apply, it was error for the immigration judge to admit them? Correct. Fundamental fairness. Exactly, Your Honor. That in the interest of fairness, and especially in issues such as this, and I think will always necessarily be a question of facts on the intentions of the parties entering into a marriage, there's a very strong benefit to having the ex testify. And to testify to her meanings and the intentions that she had. So what, in your view, is the strongest legal argument that shows that the board erred? Or the agency erred? Simply, Judge, that the conclusion of the agency was based almost entirely on an adverse credibility determination. Without considering the countervailing evidence. That there was enough evidence of a good faith marriage. If you put aside his not credible statements, and just look at the rest of the evidence that was in the record. Yes, Judge. And is your argument that the board didn't give full consideration to that? That is my argument, yes. I don't believe they gave full consideration. What's your basis for that? Because that, I mean, we have case law, including the Larita Martinez case, that says that we presume that a court looks at all the evidence. We don't have a rule, I think, although I want to hear from you, that says the board has to go through all, if there's 10 pieces of evidence, it has to mention all 10, or else we assume that it didn't consider it. In fact, the presumption is the opposite. We presume that they've considered all 10 pieces of evidence. They've weighed in on and mentioned what they need to. But where do we look to in the record to say, hey, here's a piece of evidence that they should have considered, and we know they didn't? Well, Judge, I think if you consider the facts that are not disputed, and the gloss, or perhaps complete failure to address entirely those undisputed facts, I think it would compel the conclusion that the board made an incorrect decision. But the board did acknowledge some of what I guess I'll call exculpatory evidence, for want of a better term, favorable evidence. In its decision, at least sort of implicitly in saying, you know, although there were some equities in favor of finding a common marriage here, there were other items of evidence that cut the other way, and the board chose to go with those items of evidence that cut against your client's position. Why isn't that sufficient in terms of meeting our case law and responding to the presumption that the agency did consider it? Judge, I think the answer to that is just that there is such countervailing evidence to compel an opposite conclusion that it is difficult to understand, even based on the rationale provided by the agency. But those are two different arguments. Because you're now arguing, hey, taking these 10 pieces of evidence, it compels this other result. We can't, we don't have jurisdiction in this to review that. So I think Judge Tallman's asking you what, which of those exculpatory, you know, pieces of evidence did the board not consider that you think was legal error such that we need to send it back and say, look, this is so compelling, you didn't consider it and you need to. What is that? Well, Judge, going back to the testimony of the ex-wife of Crystal Cercani, Crystal, again, never testified or provided any evidence that the marriage was fraudulent or that she was induced in fraud. Right, but that's not my, at least that's not what I'm focused on. My, I think you've, you're unfortunately in a narrower box because you have to make a legal showing. So you can't challenge it. I mean, this isn't even substantial evidence, and there may be substantial evidence here on its own that there wasn't a marriage. This is, you have to say there was a legal error. So the fact that she didn't testify doesn't help you. It has to be the disregarded, I think, just disregarded or stated the facts wrong. Let's start with this. Did the BIA state any facts wrong that you can point to? I'm not sure if there, if I could point to a misstatement of fact, but I would argue that there was a mischaracterization. Okay, what's your best argument there? So their judge, I think there is, let's say for example, the characterization about the courtship. It's undisputed that my client and his ex-wife dated for a few months before marriage. That evidence in and of itself, of course, does not demonstrate a fraud or lack of good moral marital intent. But at the same time, that time does not in and of itself prove or disprove my client's argument that he had a valid marriage. Agencies seem to focus on the significance of the fact that in very early, maybe the first communication between Crystal and your client, he essentially said, look, I want to get married. And if you won't marry me, I've got somebody in Chicago that I can marry. And the agency thought that was significant, that he was essentially looking for a marriage of convenience in order to obtain immigration benefits. But Judge, there's no suggestion in that statement or in interpretation of that statement that Crystal Zircani was somehow forced into a marriage or benefited from that marriage. No, but doesn't that go to the state of his mind at the time? I think that's what the agency thought. I read their opinion. Judge, I agree. I think it's relevant to the question of the state of mind, but I don't think it compels a conclusion. I don't think that that fact in and of itself or even... Well, yeah, but I think you keep twisting the questions and the standard. Your job here is to show a legal error by the board that requires us to send it back. It's not to disagree and say, well, the board reached the wrong conclusion or it shouldn't have done that. And so I'll just repeat. So you said there was no misstatements. You talked about some mischaracterizations. What evidence in your mind did the board not consider that was in the record that if we send it back, they would consider it and reach a different conclusion? Well, Judge, I think maybe even just focusing on the question of what the board did wrong in its decision. With its handling of a specific piece of evidence, the board talks about or addresses the claim that was made in the appeal to the board about the due process violation, about using out-of-court statements and the relaxed evidence standard used in the agency. And the board essentially says, okay, we're not going to, or for the sake of argument, we will not acknowledge that evidence. But in the same analysis, in the same paragraph, the board uses those statements to impeach... From the divorce you're talking about? Correct, from the divorce proceedings. So the board is making the argument that that... That goes to your due process argument? Correct, correct. But again, the due process argument is also concerned with how the board is handling this evidence, that the board is essentially cherry-picking the parts of the evidence that would impeach... What about the good faith marriage one? If we were to focus in and say, this is the... If we're going to give relief, it's the good faith marriage exception for relief. What is the evidence of a good faith marriage that the board did not consider? Well, Your Honor, I think that the board did not summarize all of the favorable evidence, although it's true that the board doesn't necessarily have to talk about everything that is happening in court and every piece of good or bad evidence. And I understand that in the decision, the board did at least give lip service to an acknowledgement of recognizing this evidence. But essentially, when we look at the body of evidence, the totality of the evidence, my position is that this compels a conclusion, that a contrary conclusion isn't supported by the facts. The board's decision and the immigration judge's decision seems to be predicated on the finding that my client didn't tell the truth. And because he didn't tell the truth, they conclude that he must be lying about his intentions. I think that's a bridge too far. I think that that conclusion doesn't necessarily follow from that finding. So even a finding that he lacks credibility doesn't entitle a finding that he was lying about his intentions. And if we take the adverse credibility to say that his testimony shouldn't be given weight or that his testimony is deserving of less credit, we look to the other evidence of the record, and the other evidence of the record is primarily statements from his ex-wife, none of which would support a finding of a fraud. Okay. Do you want to reserve? Yes, thank you. Thank you very much, Your Honors. Thank you. Did we lose our counsel? There he is. Good morning. Can you hear me?  Okay, thank you. Morning, Your Honors. May it please the Court, Drew Brinkman for the Attorney General. First off, I just want to briefly say thank you for allowing me to appear remotely. It's a big help, so I appreciate that. You got a lot of snow on the ground? There was yesterday, not today. Okay. So this Court's recent decision in Zia v. Garland, I think, controls most of this case. Under Zia, the Court lacks jurisdiction to review the adverse credibility finding, and because Mr. Zuccarno was not credible, substantial evidence supports the finding that he failed to meet his burden of proof. And we would say also, if the Court needs to reach the issue, substantial evidence supports the alternate finding that he failed to meet his burden of proof, even assuming credibility. So then there's this due process issue, which we've been talking about, and that argument fails, I think, for two reasons. First of all, there is no constitutionally protected liberty interest in an application for discretionary relief, so the due process clause simply doesn't apply there. But even if it does apply, Mr. Zuccarno was not prejudiced by the admission of his ex-wife's statement. So, Counsel, and I don't want to speak for my colleagues, they may have other questions, but I'm particularly interested in, is there a legal error here? Because maybe you could address this. Is there evidence that the Board didn't consider? I'm not sure I heard any that, you know, was mentioned, but I want to hear the government's point of this. Do you think there was evidence that wasn't considered, or that the Board didn't need to consider it? About the marriage, about the marriage. No, I don't think there's any evidence they didn't consider. I thought the only real legal issues that we might get into was whether the, quote-unquote, undisputed facts rise to the level of a good faith marriage. But I think the problem with that argument is there's really not many undisputed facts in this case. And the second legal issue I thought we'd get into was this due process claim. So let me just follow up on Judge Nelson's question. So the argument that I understand was made here by the petitioner, given the limited jurisdiction that we have to review matters here, is that the Board did not fully consider all of the evidence in making its decision. And he points primarily, and this is somewhat related to his due process argument, they point primarily to the testimony of the ex-wife at the Superior Court family law matter, where she, there's no evidence there that, she doesn't testify or say anything that the marriage was entered into for any monetary transaction kind of situation, or for immigration fraud, or for anything like that. And the argument I understand is that just wasn't fully considered. And there's other matters that are not mentioned that tend to be significant in these family, whether or not the marriage was entered into in good faith, as they shared a room together and a bed together for about a year. That doesn't seem to be emphasized at all or really examined by the Board. The relationship that he had with her son, you know, so the argument I understand, that's the argument I understand, is that they just didn't consider fully the record. Now, if they didn't, if we were to conclude under our case law that they didn't, that would be legal error and you would have to send it back and tell the Board to fully consider all the evidence in the record. Is that correct? I don't think it's correct that there was error if that was the ultimate. Well, no, if we were to conclude that they didn't consider, hadn't considered all the evidence, that would be legal error, right? If they ignored evidence, yes. That's legal error. Okay, so how do you respond to the argument that they didn't consider all the evidence, matters that I just pointed out? Well, you start with a presumption that they did because that's a presumption in our law that these judges do their jobs as they're supposed to. And then you look, I mean, you want to primarily be looking at the immigration judge's decision rather than the Board's because the immigration judge went into much more detail. And he did talk about the relationship with the son. He talked about that they lived together and shared a bed together. So that was not ignored. And then the final, oh, the weather, the fact that the ex-wife didn't claim fraud in divorce court, I don't think, I don't see the significance of that. She didn't need to claim fraud. She was just trying to get divorced. Well, there's never any statement that anywhere that she had ever said that there was fraud or from her roommates who did testify. She did. So in one of the statements that the Board's explicitly did not rely on, this was one of the statements to one of the investigators. She said something like, I think he may have married me for immigration purposes. And I did mention that in our brief, only in response to his claim that she's never said that. He has said something to that effect, but the Board didn't rely on it. Your argument, I think maybe, although I didn't see this in either of the briefs, under Washington law, all you have to do is to allege irreconcilable differences. There's no need to prove that the marriage was entered into fraudulently or any other reason other than the fact that we're not getting along now. Right. Yeah, I mean, I didn't say it in terms of Washington law, but I did say she didn't have to claim fraud in the inducement. That would get her, I guess, an annulment. I don't know Washington law, but she didn't have to pursue that. It would not be a necessary element of a divorce action is my point. Yeah, that was my point as well. She may not have known that that was an option to claim and it may have cost more money or take more time to claim that. You wouldn't typically expect it to be raised at all because of the relatively low bar to establish entitlement to a divorce. Right. And I think you can tell from the proceedings is she just wanted to separate ties with him completely. She didn't want to drag out a long court battle over whether there was fraud in the inducement of this marriage. She just wanted to separate and be done. So can I ask you, because let's look at the board and this sort of goes to what you were saying of looking to the IJ. Let's take one of those pieces of evidence about that they weren't sharing a bed. The board says it at AR4 that Ms. Winkle and stated that they were both getting along and sharing a bed and then it cites to IJ decision at 7 to 9, exhibits 5A and 46, 51, 58 to 59, 128, 130, 137 and 140. And then it goes on further and says and acknowledges that they were no longer sleeping in the same bedroom and cites again IJ at 7, transcript at 337 to 38, 346, 350 to 52, exhibit 3 and 33 to 36, exhibit 5B at 20 to 21, 33 to 40, exhibit 6 at 25 to 26. Is there case law that would suggest that that is an insufficient consideration of the evidence for them no longer, that they used to sleep together? No, I don't. I think the board and immigration judge fully understood the facts of this case and they just saw the case differently than the petitioner sees it. So no, I don't think there's a good claim that they ignored any evidence in this case. I guess your argument would be that in looking at what happened here, you have to read both the IJ's decision and the board's decision. Right, the board adopted the IJ's decision. It doesn't say it adopted the IJ's decision. That's one of the first things I look for. It's not a Bourbonno Affirmative. It's not? Yeah. No, it's not a Bourbonno. What do you do when they cite the IJ, when the board cites the IJ evidence, doesn't that, what does that do? So I think when they say the immigration judge's adverse credibility finding is not clearly erroneous, and then as you said, they cite the IJ over and over again, they're looking, the court should then look through to the IJ because the board is clearly just relying, summarizing the IJ's findings and relying on them. And then later on... At a minimum, the fact that they cite the IJ, whether they adopt the IJ or don't, it at least stands, it has to stand for the proposition that they didn't overlook this evidence. They cited it, right? I agree. Right, I agree. I guess what's confusing me is I don't see why this is any different from what we do as an appellate court in reviewing a district judge's rulings. I mean, you obviously have to look at what the tribunal below said in order to decide whether or not to uphold or to overturn the finding. And we frequently cite to portions of the district court record in our appellate opinions, but I'm not aware of any cases that have overturned Ninth Circuit decisions because we didn't tick off every item of evidence that was included in the trial court's ruling. So why would that be any different in reviewing the BIA decision here? I don't think it should be. I mean, the board is an appellate body and it's doing just like the Ninth Circuit reviews, like you said, district court decisions. So it's trying to be streamlined in a sense. It's not rewriting the entire same decision. It's responding to the appellate arguments and then citing back to the evidence and the immigration judge's decision. Can I ask, I don't want to get off this topic, but I'm interested. The government sought to lift the stay of removal a year and a half ago. We granted that. We don't get that very often. So you could have removed Mr. Zarkana over the last year and a half. Why didn't that happen? Well, actually first, let me start with why did the government seek to lift the stay? Because that's a little bit unusual. I haven't seen that often. So the answer is outside the record. Okay. I don't want to. Okay, fair enough. But then why didn't he get removed? Because I mean, we granted you relief. He's from Palestine, isn't he? What's that? Isn't he from Palestine? Somewhere in the Middle East? Yeah, he's from Palestine. He has not been cooperating in getting travel documents for one. And then for two, the war between- That interrupted things. War in Gaza basically put a pause in things for a bit. Sure. But they've assured me, ICE has assured me that they will remove him if that stay gets lifted. So if the court's concerned that we're not going to remove him, they've said they will. Well, I don't know that we, I mean, I think that would go beyond. We have plenty of cases where I'm confident that we've denied relief and they're still in the country. And that doesn't color our decisions. But I'm more interested in why the government stepped forward and then didn't take action for a year and a half. But I guess it wouldn't have mooted out the case because he'd still have his petition pending. Right. Is he in custody? Yes. Yeah. I mean, the reason we moved to lift is outside the record. I don't want to say it. Fair enough. No, that's all you need to say.  I don't think, so the one thing opposing counsel conceded that the transcripts from the divorce hearing were admissible, which I think is right. We argued that that's right. And I think once those transcripts come in, there's really nothing left. All the other evidence that he says should be excluded, it's pretty much duplicative. I mean, the transcript is almost duplicative as well, but because Mr. Zakharna admitted most of the facts that are now being used against him. But I really don't think there can be a due process claim once it's conceded that those transcripts come in, just because there's no prejudice. So unless the court has any further questions, ask it. Okay. Thank you. Thank you, counsel. We'll give you time for rebuttal. Thank you, your honors. Just to briefly address the issue of the boards, or the agencies, I should say, the board and the immigration judge's failure to consider the evidence. As counsel for respondents just told this court, the transcripts, if we agree that the transcripts from the divorce proceedings are acceptable and should be given full weight, then again, judge, it's hard to understand how the board could have concluded that this was anything but a valid marriage. Again, I believe the error is that the board, one, not giving full weight, full consideration to the body of the evidence, and second, gave undue weight and compelled a conclusion based on an adverse credibility finding. Yeah, see, the problem with how you're framing it up is it has factual dispute all over it. I mean, that's why I've tried to give you time and time again the opportunity to come in and say, what did they not consider? And I'm not sure that I've heard anything to latch on to. I mean, it's hard. You're just in a tough position to come in and argue that, well, I would have reached a different conclusion or anyone would have reached a different conclusion. You almost have to say they didn't consider X piece of evidence. What's your response to the stuff that I read about citing the IJ? Does the fact that they didn't incorporate the IJ's decision matter here, or aren't we looking at something different about whether they looked at the evidence at all? Judge, I do believe that the court's scope would include the judge's decision. I do believe in this case, and I believe there's case law that says that when the board references the judge's decision and adds analysis of its own, this court can look to both decisions. And I think looking at both decisions, we still see from the judge and from the Board of Immigration Appeals a failure to truly recognize and give weight and credence to Crystal Zuccarini's testimony. Aren't you asking us to reweigh the evidence in reaching that conclusion? Judge, I'm just asking you to remand it to the board to do its job more fully. Well, but the last part of your sentence basically said that they gave undue weight to the unfavorable evidence and not sufficient weight to the favorable evidence. That's inherently a factual determination, is it not? Judge, even if that is a factual determination, if we consider where the board is making its credibility determination, it's not a question of the intentions at the time of marriage. It's a question of the viability of the marriage after the fact. Although you did concede that that one piece of evidence about introducing the person in Chicago comes at the very outset of their communications with one another. The agency thought that was very significant. That's true, Judge. And that may be perhaps the only evidence relating to the state of mind at the time of the marriage, the intentions entering into the marriage. But again, there too, Judge, and this is from this court's own precedent, a desire to obtain a green card is not equivalent of a fraudulent marriage. And marrying for a green card is not itself a fraud. Okay, thank you. Thank you to both counsel for your arguments in this case. Thank you very much. The case is now submitted and will...
judges: PAEZ, TALLMAN, NELSON